# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD SEARS, | : | |
|     Petitioner, | : | |
| | : | No. 1:19-cv-641 |
| v. | : | |
| | : | (Judge Kane) |
| MICHAEL CLARK, et al., | : | |
|     Respondents | : | |

## MEMORANDUM

On April 15, 2019, pro se Petitioner Richard Sears ("Petitioner") initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On May 8, 2019, the Court issued an administrative order in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), instructing Petitioner that he could: (1) have the petition ruled on as filed – that is, as a § 2254 petition for writ of habeas corpus – but lose his ability to file a second or successive petition, absent certification by the court of appeals; or (2) withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Doc. No. 5.) The Court informed Petitioner that his failure to return the Notice of Election Form would result in the Court ruling on his current § 2254 petition as filed. (Id.) On June 7, 2019, the Court received Petitioner's Notice of Election form indicating that he would like the Court to rule on his § 2254 petition as filed. (Doc. No. 6.) Accordingly, the Court will review the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, and for the following reasons, dismiss the petition without prejudice.

## I. BACKGROUND

On July 15, 2015, following a jury trial, Petitioner was found guilty of possessing a weapon or implement for escape, in violation of 18 Pa. Cons. Stat. § 5122, and prohibited offensive weapons, in violation of 18 Pa. Cons. Stat. § 908. See Commonwealth v. Sears, CP-49-CR-743-2014 (C.C.P. Northumberland Cty.).[1] On December 7, 2015, Petitioner was sentenced to a minimum of two (2) years and six (6) months and a maximum of five (5) years of confinement for each count. See id. The trial court ordered that Petitioner's sentence for possessing a weapon or implement for escape be concurrent to the sentence Petitioner was then serving, and that his sentence for prohibited offenses weapons be served consecutively. See id. Petitioner then filed a notice of appeal to the Superior Court of Pennsylvania. See id.; see also Commonwealth v. Sears, 27 MDA 2016 (Pa. Super. Ct.). On May 12, 2017, the Superior Court quashed his appeal. See Sears, 27 MDA 2016 (Pa. Super. Ct.). On January 29, 2018, the Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal. See Commonwealth v. Sears, 572 MAL 2017 (Pa.).

On January 11, 2019, Petitioner filed a Post Conviction Relief Act ("PCRA") petition with the Court of Common Pleas for Northumberland County. See Sears, CP-49-CR-743-2014. On February 1, 2019, counsel was appointed, and the PCRA court directed counsel either to file an amended PCRA petition or certify that Petitioner's claims lacked merit within forty-five (45) days. See id. Counsel subsequently requested leave to withdraw from representation. See id. In

---

[1] In addition to the § 2254 petition, the Court utilized the Unified Judicial System of Pennsylvania Web Portal to review the docket of the criminal case filed against Petitioner in the Court of Common Pleas for Northumberland County. See https://ujsportal.pacourts.us/DocketSheets/CP.aspx (last accessed June 10, 2019). A district court may take judicial notice of state court records, as well as its own. See Minney v. Winstead, No. 2:12-cv-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); see also Reynolds v. Ellingsworth, 843 F.2d 712, 714 n.1 (3d Cir. 1988).

an Order date March 7, 2019, the PCRA court granted that motion and informed Petitioner of its intent to dismiss his PCRA petition without a hearing. See id. Subsequently, Petitioner filed a motion for an extension of time to prepare an amended PCRA petition and a motion for reconsideration. See id. The Court of Common Pleas of Northumberland County's docket sheet reveals that Petitioner's PCRA petition and motions are currently pending before the PCRA court.

On April 15, 2019, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court. (Doc. No. 1.) As to the four grounds for relief set forth in the instant petition, Petitioner acknowledges that he has raised these grounds in the PCRA petition currently pending before the PCRA court. (Id. at 7-8, 14, 17.)

## II. DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Rule 4 provides, in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See Rule 4, 28 U.S.C. foll. § 2254. Based upon the petition and the state court docket, the Court concludes that this petition is unexhausted.

Before seeking federal habeas corpus relief, the provision of the federal habeas corpus statute at 28 U.S.C. § 2254(b) requires a state prisoner to exhaust available state-court remedies. To comply with the exhaustion requirement, a state prisoner first must have "fairly presented" his constitutional and federal law issues to the state courts through direct appeal, collateral review, state habeas proceedings, mandamus proceedings, or other available procedures for judicial review. See, e.g., Castille v. Peoples, 489 U.S. 346, 351 (1989); Doctor v. Walters, 96

F.3d 675, 678 (3d Cir. 1996). To "fairly present" a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts the state courts on notice that a federal claim is being asserted. See McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999).

A petitioner must invoke "one complete round" of the applicable state's appellate review process, thereby giving the courts of that state "one full opportunity" to resolve any issues relevant to such claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (holding that a petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court, and highest court before exhaustion would be considered satisfied). The exhaustion doctrine is rooted in the tradition of comity, and the state must be given the "initial opportunity to pass upon and correct alleged violations of its prisoners' [constitutional] rights." See Alston v. Diguglielmo, No. 07-cv-2618, 2009 WL 2096214, at *2 (E.D. Pa. July 14, 2009) (quoting case omitted). The petitioner has the burden of establishing that exhaustion has been satisfied. See Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000).

It is glaringly apparent from the face of Petitioner's petition that he has not exhausted his state court remedies. As is evident from the petition and the docket of the Court of Common Pleas of Northumberland County, Petitioner's PCRA petition is presently pending before the PCRA court. See Sears, CP-49-CR-743-2014 (indicating that the last filing is Petitioner's motion for reconsideration and an extension of time in which to prepare and file an amended PCRA petition). Thus, this Court must allow for state proceedings to conclude before entertaining Petitioner's habeas petition. See O'Sullivan, 526 U.S. at 845.[2]

---

[2] The Court recognizes that the exhaustion requirement may be excused where the opportunity to obtain relief in state courts was lacking or if the corrective process was so clearly deficient as to render futile any effort to obtain relief. See Duckworth v. Serrano, 454 U.S. 1, 3 (1981); Kozak

Because Petitioner's PCRA petition remains pending, the one-year statute of limitations will not bar a subsequent habeas petition. Under 28 U.S.C. § 2244(d)(1), a state defendant has one year to file a § 2254 petition. For purposes of the instant petition, that period starts to run from the date the conviction becomes final, defined in § 2241(d)(1)(A) as "the date on which the judgment became final by the conclusion of a direct review or the expiration of the time for seeking such review." See 28 U.S.C. § 2244(d)(1)(A). The limitations period is also tolled for the "time during which a properly filed application for [s]tate post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." See id. § 2244(d)(2).

Given the current status of his state proceedings, even on the strictest calculation of the limitations period, Petitioner has an opportunity to return to federal court after exhausting his state court remedies. Accordingly, the Court will dismiss the petition without prejudice to Petitioner's right to refile the petition promptly at the conclusion of his state court proceedings should he elect to do so. See Myers v. Warden of SCI-Albion, No. 4:08-cv-100, 2010 WL 1838178, at *5 (M.D. Pa. May 6, 2010) (dismissing habeas petition without prejudice to allow the state proceedings to conclude before entertaining the unexhausted claim in federal court).

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding initiated pursuant to 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). "A petitioner

---

v. Pa., No. 3:12-cv-1153, 2012 WL 4895519, at *4 (M.D. Pa. Oct. 15, 2012). These extraordinary circumstances are not present here. Petitioner has neither alleged nor shown any deficiency or irregularity in the state corrective process to warrant exemption from the exhaustion rule.

satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In the case at bar, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, the Court will not issue a COA in this case.

## III. CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) will be dismissed without prejudice for his failure to exhaust state-court remedies, and a COA shall not issue. An appropriate Order follows.